## VOELKEL *v.* CITY OF CINCINNATI.

*Constitutional law—Imposing fine for nonpayment of municipal excise tax—Not imprisonment for debt.*

The provisions of a municipal occupational tax ordinance, which make the non-payment of the excise tax therein levied a misdemeanor, and upon conviction for non-payment impose a fine from five to one hundred dollars for each offense, are not in violation of Section 15, Article I of the Constitution, that "no person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud."

(Decided January 7, 1924.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Eli J. Frankenstein,* for plaintiff in error.
*Mr. Jos. H. O'Connell* and *Mr. Chauncey D. Pichel,* for defendant in error.

HAMILTON, J.   The plaintiff in error was arrested

---

Licenses, 37 C. J. § 128.

charged with the crime of failing and refusing to pay an occupational tax, as a practising dentist in the city of Cincinnati. Upon trial of the cause he was found guilty by the trial court, and fined and "adjudged to stand committed to the work-house until the fine and costs were paid," etc.

The prosecution was under an ordinance of the city of Cincinnati providing for the levying of an occupational tax, and included therein is the occupation of practising dentistry.

Section 812-10 of the Code of Ordinances of the city of Cincinnati provides:

"Any person, association of persons, firm or corporation carrying on any such trade, profession, occupation or business in said City of Cincinnati without having paid the tax herein provided, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in a sum not less than five ($5.00) dollars nor more than one hundred ($100.00) dollars for each offense."

The plaintiff in error prosecuted error from the judgment of the Municipal Court to the Court of Common Pleas, which court affirmed the conviction.

Error is prosecuted to this court, seeking a reversal of the judgments of the Common Pleas and Municipal courts.

The error proceeding challenges the constitutionality of the ordinance as a whole, and particularly the provision with reference to criminal prosecution for failure to pay the tax.

The constitutionality of the ordinance in regard to the right of the city to levy an occupational tax was determined in the case of *State, ex rel.*

*Zielonka,* v. *Carrel, Aud.,* 99 Ohio St., 220. The syllabus of that case is as follows:

"1. The State of Ohio, under the provisions of Section 10, Article XII of the Constitution, has authority to levy excise taxes in the form of an occupational tax.

"2. Under the grant of power of local self-government provided for in Section 3, Article XVIII of the State Constitution, the city of Cincinnati, as long as the State of Ohio through its general assembly does not lay an occupational tax on businesses, trades, vocations and professions followed in the state, may raise revenue for local purposes, through the instrumentality of occupational taxes.

"3. The ordinance of the city of Cincinnati providing that an annual tax shall be laid upon all persons, associations of persons, firms and corporations pursuing any of the trades, professions, vocations, occupations and businesses therein named, is a valid exercise of the legislative power of such city."

The contention made by plaintiff in error, that the levying of the occupational tax, as provided for by the ordinance in question, is an invalid exercise of the legislative power of the city, is foreclosed by above decision. However, the only question raised in the *Carrel* case was the power of the city to levy such an occupational tax. That case arose on the tender of the tax to the city auditor by a resident of the city, which the auditor refused to accept. The city solicitor thereupon brought an original action in mandamus in the Supreme Court to compel the city auditor to

accept the tax. This, we consider, to be the only point decided in that case.

Whether or not Section 812-10 of the ordinances contravenes the Constitution of Ohio is, in our opinion, not a decided question.

It is claimed by plaintiff in error that this section does contravene several provisions of the Constitution. However, the only inhibition in the Constitution that may be called into question is Section 15, Article I, which provides:

"No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud."

The sole question therefore is: Is the occupational tax levied, when due and payable, a debt? This proposition has been fully considered and decided by the Supreme Court in the case of *Peter* v. *Parkinson, Treas.*, reported in 83 Ohio St., 36. In that case the court flatly and emphatically held that a tax is not a debt, but is simply an impost levied for the support of the government, or for some special purpose authorized by it. An extended line of authorities is cited in the opinion, holding that a tax is not a debt. Whatever our views may be on this question, we are bound by this decision. If a tax is not a debt, we find no inhibition in the Constitution against the Legislature of the state enacting a law making it a misdemeanor to fail to pay the tax. If the Legislature of the state may enact such legislation, which we find to be the case, then, under the authority of the *Carrel case, supra*, the city may enact such legislation by ordinance as long as the state of Ohio through its General Assembly does not do so.

The conclusion is that Section 812-10 of the ordinance is not violative of the Constitution.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.